## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 18-cv-690-JD<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT AND JURY DEMAND

NOW COMES the Defendant, Trustees of Dartmouth College ("Dartmouth" or the "College"), by and through its attorneys, Dinse, P.C. and Wadleigh, Starr & Peters, P.L.L.C., and answers Plaintiff's Complaint and Demand for Jury Trial as follows:

### INTRODUCTION

1.　　　Admitted Doe was the subject of disciplinary procedures at Dartmouth between September 2017 and February 2018.  Otherwise, denied.

2.　　　Denied.

3.　　　Denied.

### JURISDICTION AND VENUE

4.　　　This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

5.　　　Admitted that Dartmouth College is located in New Hampshire.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

6.     This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

7.     This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

## PARTIES

8.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

9.     Admitted that Dartmouth College receives federal funds and that Dartmouth College is a college located in Hanover, New Hampshire.  Otherwise, denied.

10.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

11.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

12.     Upon information and belief, admitted that Sally Smith submitted a report to her college's police department in March 2017 and requested a protective order against Doe.  Further admitted that Dartmouth College's Department of Safety and Security received a report from Ms. Smith's college's police department in March 2017.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

13.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

14.     The Student Handbook speaks for itself.

15.     Admitted that Dean Kristi Clemens met with Doe to discuss the incident and that the College did not issue an allegation letter in March 2018.  Otherwise, denied as stated.

16.     Dartmouth denies the first sentence of this paragraph.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

17.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

18.     Admitted that Doe was arrested for violating a protective order in early May 2017.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

19.     Admitted that on May 10, 2017 Adam Knowlton-Young sent a letter to Doe that stated: "Specifically, it is alleged that on or about May 4, 2017 you communicated with parties in violation of a restraining order, which had been issued for previous behavior that was threatening or harassing.  This continued contact in violation of the restraining order, if true, would be in violation of Standards II and VI."  Otherwise, denied as stated.

20.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

21.     Admitted that on September 11, 2017, Doe denied the allegations presented in the Statement of Understanding of Students' Rights in Disciplinary Matters.  Denied that Anne Hudak suggested to Plaintiff that he deny the allegations.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

**The Sanctioning Process**

22.     Denied as stated.

23.     Admitted that the Committee on Standards found Doe responsible for violating Standard VI and imposed the sanction of separation on September 21, 2018.  Otherwise, denied as stated.

24.     Admitted that the Committee on Standards found Doe responsible for violating Standard VI and imposed the sanction of separation on September 21, 2018.  Otherwise, denied as stated.

25.     The Student Handbook speaks for itself.

26.     The Student Handbook speaks for itself.

27.     Admitted that Dartmouth College's Department of Safety and Security received a report from Ms. Smith's college's police department in March 2017 and that no sanction was imposed until September 2017.  Otherwise, denied as stated.

28.     The Student Handbook speaks for itself.  Otherwise, denied.

29.     Denied as stated.

30.     Denied as stated.

31.     Denied.

32.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

33.     Generally admitted.

34.     Admitted that Mr. Nelson quoted messages that Doe sent to Ms. Smith more than eleven times in the September 21, 2018 Casenote.  Otherwise, denied as stated.

35.     Admitted that the September 21, 2018 Casenote states: "In reaching its decision to separate the student, Committee members acknowledged that he appeared to be experiencing a

great deal of distress, but they were especially concerned about his apparent inability to take responsibility for his actions and his lack of awareness of the significance of his actions and their impact on others."  Otherwise, denied as stated.

36.     Denied.

37.     Denied.

38.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

39.     Denied as stated.

40.     Denied as stated.

41.     Denied.

42.     Denied.

43.     Denied as stated.

44.     Denied.

45.     Denied.

46.     Denied.

## The Appeal

47.     Admitted that a letter to Doe dated September 22, 2017 informed him that he had the right to request review of the panel's decision.  Otherwise, denied as stated.

48.     Admitted that Plaintiff submitted an appeal on October 4, 2017.  Otherwise, denied as stated.

49.     Generally admitted.

50.     Generally admitted.

51.     Denied.

52.     Admitted.

53.     The article speaks for itself.  Otherwise, denied.

54.     The article speaks for itself.

55.     The article speaks for itself.

56.     Denied that Dean Biron was biased and otherwise denied.

57.     Denied.  Dean Biron granted Doe's request and directed that a new hearing be held.

58.     Denied.  Dean Biron granted Doe's request and directed that a new hearing be held.

59.     Admitted that Ms. Strong met with Plaintiff on October 27, 2017 to deliver the outcome of his appeal and that Ms. Hudak was present.  Otherwise, denied as stated.

60.     Denied.

61.     Denied.

62.     Admitted that Dean Biron granted Doe's request and directed that a new hearing be held and admitted that her letter to Doe stated: "As it appears that there is sufficient evidence to support the sanction that was imposed, you will remain not enrolled and are not allowed on campus.   However, you may be on campus to access services at Dick's House and/or to meet with advisors related to your COS case."  Denied that Dean Biron upheld Doe's expulsion on false grounds and otherwise denied as stated.

63.     Denied that Dean Biron found no error occurred and otherwise denied as stated.

64.     Denied.

**October 28th – January 7th 2017; From the Day After Biron Responded to Doe's "Request for Review", Through the Day Before His Second Disciplinary Hearing**

65. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

66. Admitted that Doe was directed to engage in a second COS hearing. Otherwise, denied.

67. Denied.

    a. Denied.

68. Admitted that on November 17, 2018 Brian Reed informed Doe via letter that he would impose an immediate temporary suspension on Doe in response to an email sent by Katharine Strong. Otherwise, denied.

69. The Student Handbook speaks for itself.

70. This paragraph states a legal conclusion, to which no response is required. To the extent a response is required, denied.

71. Admitted that Ms. Strong imposed an interim temporary suspension in part due to billing and grade-related issues. Otherwise, denied.

72. Denied.

73. Admitted that there are other lawsuits pending against Dartmouth before this Court and allegations in those matters speak for themselves. Otherwise, denied.

74. Generally admitted.

75. Denied as stated.

    a. Denied as stated.

76. Denied.

77. The Student Handbook speaks for itself. Otherwise, denied.

78. Dartmouth denies the second sentence of this paragraph. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

79. Denied.

80. Denied.

81. Admitted that Doe contacted President Hanlon, provided information and documents, and made requests. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

82. Keiselim Montás' November 17, 2017 email to Plaintiff speaks for itself.

83. Admitted that Mr. Montás left Plaintiff a voicemail asking him to cease and desist. Otherwise, denied as stated.

84. Admitted that Plaintiff attempted to contact Mr. Montás in November. Otherwise, denied.

85. Denied.

86. Denied.

87. Denied.

88. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

89. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

   a. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied

90. The document to which Plaintiff refers speaks for itself. Otherwise, denied.

a. Denied.

91. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

a. Denied.

92. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

93. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

94. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

**The Second Hearing**

100. Admitted that Plaintiff submitted a written statement in advance of the second hearing. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

101. Denied.

102. Denied.

a. Denied.

103. Denied.

104. Admitted that the Chair on January 8, 2018 was changed to Katharine Burke on short notice because Liz Agosto was ill. Otherwise, denied as stated.

   a. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

105. Generally admitted.

106. The article speaks for itself.

   a. Denied.

107. Denied.

108. Denied.

109. Denied as stated.

110. The policies speak for themselves. Otherwise, denied.

111. Denied.

112. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

113. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

114. Denied.

115. Denied.

116. Denied.

117. Admitted that the Committee on Standards imposed a sanction of separation on January 8, 2018. Otherwise, denied as stated.

118. Denied.

119. Admitted that the Casenote dated January 8, 2018 stated: "The panel was also deeply concerned that at this hearing, nine months later, the student's description of his pain, anger and motivations did not appear to have diminished over time and did not convey genuine remorse or growth. Despite his assertion that he accepted responsibility and described his behavior as the 'worst thing' he'd ever done, the student's other statements led the committee to believe he felt his actions during this period were justified and that the [other] student, her family, and Dartmouth were to blame. Under the circumstances, the panel expressed concern for the safety and security of the Dartmouth community if the student were to continue his education here. They did not believe that a long period of suspension would be appropriate given the severity of the behavior, or that it would be effective in protecting the community." Otherwise, denied as stated.

    a. Denied as stated.

    b. Denied.

120. Denied.

121. Denied.

122. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

    a. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127.     Generally admitted that Plaintiff alleged that Dartmouth had discriminated against him on account of his gender in his written statement.  The remainder of this paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

128.     Denied.

129.     Admitted that the Casenote dated January 8, 2018 stated: "The panel was also deeply concerned that at this hearing, nine months later, the student's description of his pain, anger and motivations did not appear to have diminished over time and did not convey genuine remorse or growth.  Despite his assertion that he accepted responsibility and described his behavior as the 'worst thing' he'd ever done, the student's other statements led the committee to believe he felt his actions during this period were justified and that the [other] student,  her family, and Dartmouth were to blame.  Under the circumstances, the panel expressed concern for the safety and security of the Dartmouth community if the student were to continue his education here.  They did not believe that a long period of suspension would be appropriate given the severity of the behavior, or that it would be effective in protecting the community."  Otherwise, denied.

130.     Denied.

131.     Admitted that Katherine Burke met with Doe on January 9, 2018 to review the outcome of the January 8, 2018 hearing and that others were present at that meeting.  Otherwise, denied as stated.

132.     Admitted that when Doe heard the outcome of the hearing he became extremely upset and began hitting the tables and walls.  When he became more and more agitated and made statements to the effect that he had nothing to live for, a counselor present, Mark Hiatt, told Doe that he needed to go to the hospital.  Otherwise, denied as stated.

a.  Admitted that Plaintiff stated that he did not want to go to the hospital and that he could not cover the costs.  Otherwise, denied as stated.

b.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

c.  Admitted Dartmouth agreed to pay for certain expenses but not all of Doe's medical treatment.  Otherwise, denied.

d.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

133.  Generally admitted.

134.  Admitted that Doe raised allegations about what he believed were irregularities, procedural errors, and violations of Dartmouth's rules and regulations.  Otherwise, denied as stated.

135.  Admitted.

136.  Interim Provost David Kotz's letter speaks for itself.

137.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

138.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

139.  Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

140.  Denied.

141.  Denied.

142.  Denied.

143. Admitted that Plaintiff wrote an email to the COS panel members containing a written statement. Otherwise, denied as stated.

144. Admitted that Mr. Montás told Plaintiff to cease contacting the COS panel members. Otherwise, denied as stated.

145. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

146. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

147. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

## Concerning Actions & Patterns of Behavior Undertaken by Dartmouth Employees

148. Dartmouth's policies speak for themselves.

149. Denied as stated.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

158. Denied.

159.     Denied.

160.     Admitted that Ms. Scaduto received Plaintiff's medical records in an envelope from Dartmouth's Health Center.  Otherwise, denied as stated.

161.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

162.     Denied.

## **Defendant's Actions Have Severely Damaged Plaintiff Doe's Entire Future**

163.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

164.     Denied.

165.     Denied.

166.     Denied.

167.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

168.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

169.     Denied.

170.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

171.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

172.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

173.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

174.     The Student Handbook speaks for itself.

175.     Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

176.     Denied.

177.     Denied.

178.     Denied.

## CAUSES OF ACTION

### I. Breach of Contract

179.     Non-traversable.

180.     This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

181.     This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

182.     Denied.

183.     Denied.

184.     Denied.

### II. Breach of Covenant of Good Faith and Fair Dealing

185.     Non-traversable.

186.     This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

187.     Denied.

188.    Denied.

### III. Title IX

189.    Non-traversable.

190.    This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

191.    Generally admitted.

192.    This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

193.    This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

### IV. Negligence

201.    Non-traversable.

202.    This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

203.    Denied.

204.    Denied.

205.    Denied.

## V. Negligent Infliction of Emotional Distress

206.    Non-traversable.

207.    This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

208.    Denied.

209.    Denied.

210.    Denied.

## VI. Intentional Infliction of Emotional Distress

211.    Non-traversable.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

## VII. Estoppel and Reliance

217.    Non-traversable.

218.    Denied.

219.    Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

220.    Dartmouth is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

221.    Denied.

222.   Denied.

223.   Denied.

## VIII. Unfair and Deceptive Trade Practices

224.   Non-traversable.

225.   This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

## IX. Equitable Relief in the Form of a Declaratory Judgement

232.   Non-traversable.

233.   Denied.

234.   Denied.

235.   Denied.

236.   Denied.

## X. Negligent Training and Supervision of Employees

237.   Non-traversable.

238.   This paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, denied.

239. This paragraph states a legal conclusion, to which no response is required. To the extent a response is required, denied.

240. Denied.

241. Denied.

## XI. Fraudulent Misrepresentation

242. Non-traversable.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

## XII. Fraudulent Concealment

249. Non-traversable.

250. Denied.

251. Denied.

252. Denied.

253. Denied.

254. Denied.

255. Denied.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim for which relief may be granted.

2. Waiver.

3.     Estoppel.

4.     Comparative/contributory fault and/or negligence.

5.     Unclean hands.

6.     Bad faith.

7.     Breach of contractual/handbook obligations by Plaintiff.

8.     Substantial performance.

9.     Failure to mitigate damages.

### DEMAND FOR TRIAL BY JURY

Defendant Trustees of Dartmouth College, demands a trial by jury on all issues so triable.

Dated at Burlington, Vermont, this 25th day of October 2018.

By:     /s/ Shapleigh Smith, Jr.
        Shapleigh Smith, Jr., Esq.*
        Kendall Hoechst, Esq.*
        DINSE
        209 Battery Street
        Burlington, VT  05401
        802-864-5751
        ssmith@dinse.com
        khoechst@dinse.com

Dated at Manchester, New Hampshire, this 25th day of October 2018.

By:     /s/ Christopher P. McGown
        Christopher P. McGown, Esq., NH#266162
        WADLEIGH, STARR & PETERS, P.L.L.C.
        95 Market Street
        Manchester, NH 03101
        603-669-4140
        cmcgown@wadleighlaw.com

        *Applications for admission pro hac vice forthcoming*

        Attorneys for Trustees of Dartmouth College

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been sent to Plaintiff, via ECF.


_____/s/ Christopher P. McGown___

Christopher P. McGown