```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

John Doe

    v.                                Civil No. 18-cv-690-JD
                                       Opinion No. 2018 DNH 217
Trustees of Dartmouth College


## O R D E R

The plaintiff, proceeding under the pseudonym John Doe, brought suit against the Trustees of Dartmouth College, challenging the decision of Dartmouth College to expel him.  As alleged by Doe, that decision arose from charges made by Doe's former girlfriend, who is referred to by the pseudonym Sally Smith, and her mother.  Doe moved to proceed under a pseudonym in this case and to seal all documents that reveal his true identity.  Dartmouth objects.


## Standard of Review

The Federal Rules of Civil Procedure require that federal cases proceed in the names of the parties.  Fed. R. Civ. P. 10(a) & 17(a)(1).  The Rules do not provide a means for proceeding anonymously or through a pseudonym.  Doe v. Trs. of Dartmouth Coll., 2018 WL 2048385, at *2 (D.N.H. May 2, 2018).  In addition, "[u]nder the common law, there is a long-standing presumption of public access to judicial records."  In re Gitto

Global Corp., 422 F.3d 1, 6 (1st Cir. 2005); see also United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013).

Despite that presumption and the lack of a provision in the Federal Rules, courts have permitted parties to proceed under a pseudonym and to seal documents that reveal their true identities when extraordinary circumstances justify that restriction.[1] Doe, 2018 WL 2048385, at *3; see also, e.g., Doe v. Fullstack Acad., 2018 WL 4868721, at *1 (S.D.N.Y. Oct. 5, 2018); Doe v. Sessions, 2018 WL 4637014, at *2 (D.D.C. Sept. 27, 2018); Doe v. Rider Univ., 2018 WL 3756950, at *2-*3 (D.N.J. Aug. 7, 2018); Doe v. Va. Polytechnic Inst. & State Univ., 2018 WL 1594805, at *1-*2 (W.D. Va. Apr. 2, 2018).  Circuit courts that have considered the issue have crafted balancing tests based on a series of factors to determine whether extraordinary circumstances exist.  See, e.g. Fullstack Acad., 2018 WL 48687621, at *1-*2 (listing and applying the nine factors used by the Second Circuit); Sessions, 2018 WL 4637014, at *2-*3 (finding that the D.C. Circuit has used two separate sets of factors that address the same concerns); Rider Univ., 2018 WL 3756950, at *2-*3 (applying factors identified in Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1977), which were adopted by the Third Circuit in Doe v.

---

[1] The First Circuit has not addressed the issue of proceeding anonymously.

Megless, 654 F.3d 404, 410 (3d Cir. 2011)); Doe v. Fowler, 2018 WL 3428150, at *1-*3(W.D.N.C. July 16, 2018) (identifying and applying factors used by the Fourth Circuit); Scott v. Treasury Inspector General for Tax Admin., 2018 WL 3655580, at *3 (S.D. Fl. July 6, 2018) (applying Eleventh Circuit factors); Doe v. Purdue Univ., 321 F.R.D. 339, 341 (N.D. Ind. 2017) (noting that the Seventh Circuit has not adopted a test and using the factors compiled by a court in the Southern District of Indiana). The factors considered in each test appear to address the same or similar concerns, although the factors are worded differently in some cases.

In this case, the plaintiff applied the test used by the Second Circuit. Those factors are:

> (1) whether the case involves "highly sensitive" and "personal" matters;
> (2) whether identification would cause the litigant or a third party physical or mental harm;
> (3) whether identification would cause an injury that the litigation seeks to prevent;
> (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age";
> (5) "whether the suit is challenging the actions of the government or that of private parties";
> (6) whether and how keeping the plaintiff anonymous would prejudice the defendant;
> (7) whether the plaintiff's identity has remained confidential;
> (8) whether identifying the plaintiff furthers the public interest;

>  (9) whether alternative mechanisms could protect the plaintiff's confidentiality.

Fullstack Acad., 2018 WL 4868721, at *1 (quoting Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008)). Dartmouth, however, followed the nine-factor test used by Judge McCafferty in Doe v. Dartmouth, 2018 WL 2048385, at *4, which was taken from Doe v. Megless, 654 F.3d 404, 410 (3d Cir. 2011). Those factors are:

>  (1) the extent to which the identity of the litigant has been kept confidential;
>  (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>  (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>  (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
>  (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified;
>  (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives;
>  (7) the universal level of public interest in access to the identities of litigants;
>  (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
>  (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

The Fourth Circuit provides a five-factor test that is also used by courts in the District of Columbia:

> "[1] [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

Sandberg v. Vincent, 319 F. Supp. 3d 422, 426 (D.D.C. 2018) (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)).

Although the factors in the tests are worded differently and are listed in different orders, the tests generally cover the same issues and concerns.  The court will proceed generally using the Second Circuit factors, which the plaintiff applied, with reference to the Third and Fourth Circuit factors when appropriate.

## Background

In the complaint, Doe alleges that he was in a relationship with Sally Smith between 2012 and 2017.  In March of 2017, when Doe was attending Dartmouth and Smith was attending a different university, Smith requested that her university's police department issue a restraining order against Doe and submitted an eighteen-page report in support of her request.  The

5

restraining order issued, and the police department forwarded the report to Dartmouth.

Dartmouth began an investigation. Smith and her mother contacted Dartmouth in March and April of 2017 to report that they felt threatened by Doe. The Dartmouth Judicial Affairs Office determined that it was not appropriate to initiate disciplinary allegations against Doe at that time.

In May of 2017, Doe sent a message to Smith's mother telling her that she was not allowed to talk to his family members. Smith's mother submitted Doe's message to the police, asserting that the message violated the restraining order. Doe was arrested by the Hanover police on May 5, 2017.

Doe then received a letter notifying him that Dartmouth had raised two allegations against him because of his actions that led to his arrest. Doe alleges that he was found not guilty of violating the restraining order. The Case Summary submitted by Dartmouth, however, shows that on August 8, 2017, the docket entry for disposition of the case is: "Placed on File w/o Finding." The sentence imposed was "Good Behavior for One Year, 08/08/2017, Active 08/08/2017."[2]

---

[2] Even taking the circumstances in the light most favorable to Doe, there can be no reasonable inference that the disposition of the charge without a finding, but with a sentence, is a finding that Doe was not guilty of the charge.

Dartmouth then pursued disciplinary proceedings against Doe. Those proceedings culminated in a decision on September 21, 2017, to expel Doe. The expulsion decision was upheld on appeal. Doe's repeated attempts to further challenge that decision prompted Dartmouth to issue a cease and desist notice to Doe that he was not allowed to contact anyone at Dartmouth. Nevertheless, Dartmouth held a second hearing on Doe's case on January 8, 2018.[3] His expulsion was upheld.

Doe filed suit in this court on August 6, 2018. He alleges claims of breach of contract, breach of the covenant of good faith and fair dealing, violation of Title IX, 20 U.S.C. § 1981, et seq., negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, estoppel and reliance, unfair and deceptive trade practices (violation of RSA chapter 358-A), negligent training and supervision of employees, fraudulent misrepresentation, and fraudulent concealment. Doe also seeks a declaratory judgment.

## Discussion

Doe moves for leave to proceed under a pseudonym and to seal documents that disclose his true identity on the grounds that his claims and the underlying events are highly sensitive

---

[3] Doe alleges that the hearing was held on both January 8 and 9.

and the factors weigh in favor of anonymity.[4]  Dartmouth contends that the plaintiff's identity is already public, so that confidentiality is not necessary.  Dartmouth argues that the balance of the factors weighs in favor of disclosing Does's identity.

    A.   <u>Nature of the Matters Involved in the Case and Confidentiality</u>

Factors in all three tests examine the extent to which the matters addressed in the case are private and confidential.  Doe states that he seeks to avoid using his name because the case involves allegations that he committed criminal misconduct, demonstrated a threat to the Dartmouth community, and violated a restraining order.[5]  He contends that the allegations against him in the proceeding at Dartmouth were serious and false, and he seeks to avoid disclosing that he was expelled from Dartmouth.  He argues that those matters are highly sensitive and personal.  He asserts that the disciplinary proceedings at Dartmouth were not public.

---

    [4] He also moves to maintain the anonymity of his former girlfriend, who is not a party in this case, by using a pseudonym, Sally Smith.  Dartmouth does not object to that protection.

    [5] The plaintiff does not provide any detail about the criminal misconduct.

8

Dartmouth contends that circumstances of Doe's criminal misconduct that led to the restraining order and then to charges of violating the restraining order are not private or confidential. Instead, Dartmouth asserts, the restraining order was to prevent harassment.[6] Dartmouth also asserts that those matters were disclosed when Sally Smith sought and was granted a restraining order against Doe and when he was arrested for violating the restraining order.

Doe did not address the public nature of the underlying criminal proceedings and does not allege that he used a pseudonym in those proceedings or that the proceedings were sealed. Cf. Rider Univ., 2018 WL 3756950, at *3-*4 (proceeding anonymously supported if plaintiff took steps to maintain confidentiality, citing example of plaintiff who kept her identity confidential through a criminal proceeding); Doe v. Oshrin, 299 F.R.D. 100, 103 (D.N.J. 2014) (proceeding anonymously supported where plaintiff's identity kept confidential through related criminal proceedings).

---

[6] In Doe's fifty-four-page complaint he provides no detail or description of what "criminal misconduct" was addressed in Dartmouth's disciplinary proceedings or in the proceeding that resulted in the restraining order. He also does not explain what was contained in Sally's Smith's "18-page report ("the March report") composed of uncontextualized messages [Doe] had sent months prior." Doe also does not provide any additional information in his memorandum in support of his motion to proceed under a pseudonym.

Because his name was publicly disclosed in the underlying criminal proceedings, the matters addressed there are not confidential. Therefore, the first and seventh factors in the Second Circuit test weigh against allowing Doe to use a pseudonym in this case.

### B. Related Factors

Factors 2 and 3 in the Second Circuit test, which consider whether identification would cause harm to the plaintiff or a third party or whether identification would cause an injury that the litigation seeks to prevent, presume that the matters addressed in the suit have remained confidential. The same concern is addressed in the first factor of the Fourth Circuit test which asks whether the party seeking anonymity justifies the request "merely to avoid the annoyance and criticism that may attend any litigation or is [seeking] to preserve privacy in a matter of [a] sensitive and highly personal nature."

As is explained above, the criminal proceedings against Doe were and remain public. Therefore, there is no confidentiality or privacy to protect through anonymity.[7]

---

[7] To the extent Doe argues that his mental health will be an issue in the case and that condition requires him to proceed anonymously, he has not sufficiently developed that theory to support his motion. See Fullstack Acad., 2018 WL 4868721, at *2.

10

Doe also argues that he should remain anonymous to avoid repercussions related to the underlying charges and criminal proceedings.  This case, however, is different from the cases he cites.  To warrant anonymity despite the strong presumption in favor of public proceedings, the moving party must show a reasonable fear of severe harm.  Fullstack Acad., 2018 WL 4868721, at *2; Rider, 2018 WL 3756950, at *2; Va. Polytech. Inst., 2018 WL 1594805, at *2-*3.  In the cases that have found a need to allow a party to proceed anonymously, the claims involved disputed charges of sexual misconduct or assault made by one student against another student, which were addressed internally by the college or university.  See, e.g., Doe, 2018 WL 2048385, at *5; Doe v. Purdue Univ., 321 F.R.D. 339, 342 (N.D. Ind. 2017).

In this case, Smith accused Doe of harassment, not sexual misconduct or assault, in a proceeding outside of the college and obtained a restraining order against him.  Doe was then arrested by town police for violating the restraining order.  He cannot challenge, in this proceeding, the validity of the restraining order or the town's proceedings on the charge of violating the restraining order.

Doe also expresses concern about identifying Smith.  She will continue to be identified under a pseudonym.  In addition, Doe has not shown that Smith's real name was not disclosed in

11

the underlying proceedings. Therefore, those factors do not support allowing Doe to proceed under a pseudonym.

C. Vulnerability

Doe does not argue that he would be particularly vulnerable, due to his age or otherwise, to harm if his identity were disclosed. Doe is not a minor, and as explained above, the case does not involve personal issues. The court finds no particular vulnerability.

D. Public Interest

Factors 3, 4, 7, and 8 in the Second Circuit test address the public interest in the case. Doe's claims raise factual issues about whether Dartmouth followed the procedures in the Student Handbook, whether Dartmouth staff made misrepresentations to Doe, and whether Dartmouth treated Doe differently based on gender bias. There is no particular public interest or lack of public interest in the case. On the other hand, the public always has a strong interest in having open access to judicial proceedings.

E. Prejudice to Dartmouth

Doe contends that Dartmouth will suffer no prejudice by his anonymity. Dartmouth contends that its reputation could be tarnished by Doe's allegations so that he should not be allowed

to proceed behind the cloak of anonymity.  Despite that concern, Dartmouth has not shown that it is likely to suffer prejudice in this case if Doe were allowed to proceed under a pseudonym.

F.   Motives

Factors 6 and 8 focus on the motives of the parties and counsel in the case.  There is no suggestion in this case that Doe or Dartmouth has ulterior motives on the issue of anonymity.

G.   Balancing the Factors

Doe does not present a close question as to allowing him to proceed anonymously in this case.  He has not maintained the confidentiality of the underlying proceedings, which also are not of a sufficiently private or personal nature to require confidentiality.  The general presumption in favor of a public proceeding and the related public interest in open access to judicial proceedings weigh heavily against allowing Doe to proceed anonymously.  See Fullstack Acad., 2018 WL 4868721, at *3; Rider Univ., 2018 WL 3756950, at *8.  Therefore, Doe will not be permitted to proceed under a pseudonym in this case.

Doe also asks that the third party referred to as Sally Smith be referred to by that pseudonym, and Dartmouth does not object.  Therefore, the pseudonym "Sally Smith" shall be used for the third party.

Conclusion

For the foregoing reasons, the plaintiff's motions to proceed under a pseudonym and to seal (documents nos. 2, 6, 8, 10, and 12) are denied. The plaintiff shall proceed under his true identity.

The third party identified in the complaint as "Sally Smith" shall be referred to by that pseudonym and not by her actual name.

This order is stayed and will not take effect for **30 days** from this date to allow the plaintiff time to decide whether he will proceed under his true identity or voluntarily dismiss his claims, with prejudice, to preserve his privacy. If the case is not dismissed within **30 days** of the date of this order, the stay will end, and the case will proceed under the plaintiff's actual name.

SO ORDERED

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

November 2, 2018

cc: John Doe, pro se
Christopher Pierce McGown, Esq.